UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

QUINNTON JACKSON, Individually
and on behalf of all others similarly situated,

    Plaintiffs,                        Case No.

v.

RUNION ENTERPRISES INC. and
RICHARD LEE RUNION, JR., Individually,

    Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, QUINNTON JACKSON, Individually and on behalf of all others similarly situated, in accordance with the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA"), by and through their undersigned counsel, sues the Defendants, RUNION ENTERPRISES INC. and RICHARD LEE RUNION, JR., Individually, (hereinafter referred to collectively as "Defendants") and alleges as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 1441(b).

1

2.     Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3.     At all times material herein, QUINNTON JACKSON, (hereinafter referred to as "Plaintiff") was and is a resident of Tampa, Hillsborough County, Florida.

4.     At all times material herein, Defendant, RUNION ENTERPRISES INC., was and is a Florida Profit Corporation, doing business in this judicial district.  At all times material Defendant, RUNION ENTERPRISES INC., was an employer as defined by the FLSA.

5.     Defendant, RICHARD LEE RUNION, JR., Individually, was acting in a supervisory capacity for RUNION ENTERPRISES INC.  Defendant, RICHARD LEE RUNION, JR., Individually, had the power to hire and fire employees, supervised and controlled employee work schedules or conditions of employment, determined the rate and method of payment and/or maintained employment records.  Defendant, RICHARD LEE RUNION, JR., Individually, possessed operational control of business activities.

2

6.      Defendant, RICHARD LEE RUNION, JR., Individually, was involved in the day-to-day operations and had direct responsibility for the supervision of Plaintiffs.

7.      At all times material herein, Plaintiffs were employees of Defendants pursuant to 29 U.S.C. § 203(e)(l), Defendants were Plaintiffs' employers within the meaning of 29 U.S.C. § 203(d), and Defendants employed Plaintiffs within the meaning of 29 U.S.C. § 203(g).

## GENERAL ALLEGATIONS

8.      At all times material, Defendants willfully violated the Fair Labor Standards Act ("FLSA").

9.      Defendants are an "enterprise" as defined by 29 U.S.C. § 203(s)(l)(A) in that it (a) has employees engaged in commerce or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, or (b) has an annual gross volume of sales made or business done that is not less than $500,000.00.

10.      Alternatively, Plaintiffs are covered as individuals under the FLSA because Plaintiffs engaged in interstate commerce as part of their jobs with Defendants, 29 U.S.C. § 207(a)(1).

11.      Plaintiffs have retained the undersigned counsel to represent their

interest in this action and are obligated to pay them a reasonable fee for their services.

## FACTS

12.     On or around July 2024, Plaintiff began his employment as a Mold Remediation Lead Technician. Plaintiff was informed he would be a 1099 employee but would be compensated with a salary.

13.     Plaintiff regularly worked full time between 40-60 hours a week.

14.     Plaintiff drove Defendant's vehicle and had to pay for fuel between jobs.

15.     Plaintiff worked exclusively for Defendant.

16.     Defendant would set Plaintiff's work schedule and jobs, and Plaintiff had no ability to pick jobs or set prices.

17.     Plaintiff used Defendant's chemicals and equipment.

18.     Plaintiff was provided business cards with Defendants name and was required to wear a uniform while working for Defendant.

19.     At all times Plaintiff was held out to the public as an Employee of Defendant.

20.     At all times Defendant had control over all aspects of the job as Plaintiff had to get approval for all work performed.

21.     On or around August 2024 Plaintiff spoke to his direct supervisor Ms.

4

Luis (last name unknow) about getting reimbursed for gas in Defendant's vehicle and receiving overtime pay for hours worked over 40.

22. Ms. Luis informed Plaintiff that he was on a salary and not eligible for overtime. Ms. Luis informed Plaintiff that he would be reimbursed for fuel costs for any jobs outside the local region.

23. Plaintiff never received fuel reimbursement for work performed outside of the local region.

24. Plaintiff continued to request fuel reimbursement about once a month.

25. On or around October 2024, during hurricane Helen and Milton Plaintiff's paycheck was reduced. Plaintiff inquired about his missing pay as he was told he was on a salary. Plaintiff was instructed that since they did not work the full week he would not be paid his full salary.

26. On or around November 2024, Plaintiff worked under a new supervisor Adam Runion. Plaintiff requested reimbursement for fuel costs and overtime pay. Plaintiff was denied.

27. On or around November 27, 2024, Plaintiff sustained a work injury resulting in a cut on his hand. Plaintiff had to go to the emergency room for stitches.

28. Plaintiff returned to work on November 29, 2024, where he was

terminated by his supervisor Adam Runion. No reason was provided for the termination.

29.     On December 9, 2024, counsel for Plaintiff sent correspondence to the Defendant informing them of Plaintiff's representation and requesting information regarding Defendant's workers compensation insurance coverage.

30.     On December 9, 2024, Defendant Richard Lee Runion sent correspondence to the undersigned counsel alleging that Plaintiff is a 1099 contractor and refused to provide workers compensation insurance information.

### COUNT I
### FAIR LABOR STANDARDS ACT (UNPAID OVERTIME)
### AS TO ALL DEFENDANTS

31.     Plaintiffs re-allege and adopt, as if fully set forth herein, the allegations stated in Paragraphs one (1) through thirty (30).

32.     Defendants are subject to the requirements of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b).

33.     Throughout their employment with Defendants, Plaintiffs worked in excess of forty (40) hours per week, for which they were not compensated at the overtime rate.

34.     The FLSA requires each covered employer such as Defendants to compensate all non-exempt employees, such as Plaintiffs, at a rate of not less than one and one half times their regular rate of pay for all work performed in

excess of forty (40) hours in a work week.

35.    Plaintiffs are entitled to be paid overtime compensation for all overtime hours worked for Defendants.

36.    Defendants' failure to pay Plaintiffs overtime at a rate not less than one and one half times their regular rate of pay for work performed in excess of forty (40) hours in a work week, violates the FLSA, 29 U.S.C. § 201 et seq., including 29 U.S.C. § 207.

37.    Defendants knew or had reason to know that Plaintiffs performed work in excess of forty (40) hours per work week.

38.    Defendants' violations of the FLSA were intentional and willful and in reckless disregard of the rights of Plaintiffs. Defendants knew that its conduct was prohibited by the FLSA and/or showed reckless disregard about whether it was.

39.    As a direct result of Defendants' violations of the FLSA, Plaintiffs suffered damages by being denied overtime wages in accordance with § 207 and § 216(b) of the FLSA and has incurred reasonable attorneys' fees and costs.

40.    As a result of Defendants' violations of the FLSA, Plaintiffs are entitled liquidated damages.

41.    Plaintiffs are entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor against Defendants including, but not limited to:

a.      Awarding Plaintiffs overtime compensation in the amount due to them for the time worked in excess of forty (40) hours per work week as allowable under the FLSA statute of limitations period;

b.      Awarding Plaintiffs liquidated damages in an amount equal to the overtime award;

c.      Awarding prejudgment interest;

d.      Awarding reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

e.      Determining that the FLSA was violated and an adjudication on the merits of the case;

f.      Ordering any other further relief the Court deems just and proper.

**COUNT II**
**FAIR LABOR STANDARDS ACT - COLLECTIVE ACTION**
**AS TO ALL DEFENDANTS**

42.     Plaintiffs re-allege and adopt, as if fully set forth herein, the allegations stated in Paragraphs one (1) through thirty (30).

43.     At all times material, Defendants employed numerous individuals who were paid in a similar manner to Plaintiff.  Such individuals were similarly situated to Plaintiff with respect to the terms and conditions of their

employment.

44.     Throughout their employment, individuals similarly situated to Plaintiff were required to work and did work a substantial number of hours in excess of forty (40) hours per work week.

45.     At all times material, Defendants failed to comply with 29 U.S.C. § 201, et seq., in that individuals similarly situated to Plaintiff worked for Defendants in excess of the maximum hours provided by law, but no provision was made by Defendants to compensate such individuals at the rate of time and one-half for hours worked in excess of forty (40).

46.     Defendants' failure to pay such similarly situated individuals the required overtime pay was intentional and willful.

47.     As a direct and legal consequence of Defendants' unlawful acts, individuals similarly situated to Plaintiff have suffered damages and have incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

WHEREFORE, Plaintiff, Individually and on behalf of all others similarly situated, respectfully requests all legal and equitable relief allowed by law, including judgment against Defendants for overtime compensation, liquidated damages, prejudgment interest, payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim and such other relief as the Court may deem just and proper.

## COUNT III
## FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT AS TO DEFENDANT, RUNION ENTERPRISES INC.

48.    Plaintiffs re-allege and adopt, as if fully set forth herein, the allegations stated in Paragraphs one (1) through thirty (30).

49.    Plaintiffs bring this claim pursuant to the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), Fla. Stat. § 501.201, *et seq.*

50.    FDUTPA makes it unlawful to engage in "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." *Fla. Stat.* § 501.204.

51.    FDUTPA's prohibitions are extremely broad and reach a wide range of activities.

52.    Plaintiffs are permitted to bring suit under FDUTPA even though the unlawful practice of Defendant, RUNION ENTERPRISES INC., did not involve a consumer transaction. *Fla. Stat.* § 501.211(2).

53.    During Plaintiffs' employment with Defendant, RUNION ENTERPRISES INC., Defendant failed to comply with federal and state laws, including but not limited to failure to pay federal payroll taxes and state unemployment taxes as well as other taxes, costs and expenses associated with Defendant, RUNION ENTERPRISES INC., misclassifying employees as independent contractors.

54. By failing to pay required payroll taxes, Defendant, RUNION ENTERPRISES INC., engaged in an unfair method of competition because Defendant, RUNION ENTERPRISES INC., paid fewer taxes than competing businesses that follow state and federal tax laws and, therefore, have more money to use in competition against its competing businesses.

WHEREFORE, Plaintiffs demand judgment against Defendant, RUNION ENTERPRISES INC., and for actual damages; declaratory relief; civil penalties; costs and attorneys' fees; and for such other relief as the Court deems just and equitable.

**COUNT IV**
**WORKERS' COMPENSATION RETALIATION/COERCION**
**AS TO DEFENDANT, RUNION ENTERPRISES INC.**

55. Plaintiff, QUINNTON JACKSON, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through thirty (30).

56. Plaintiff was an employee within the meaning of Florida Statute § 440.02 (1993).

57. By reason of Plaintiff's valid claim for Workers' Compensation benefits and/or Plaintiff's attempt to exercise his rights under Florida's Workers' Compensation law, Defendant retaliated against Plaintiff by terminating Plaintiff's employment.

11

58.     Defendant took the above unlawful actions against Plaintiff by reason of Plaintiff's valid claim for Workers' Compensation, in violation of Florida Statute § 440.205 (1993).

59.     As a direct, natural, foreseeable and proximate result of the Defendant's adverse employment actions, Plaintiff has suffered damages.

WHEREFORE, Plaintiff, QUINNTON JACKSON, demands a trial by jury and judgment against Defendant, and prays for the following relief:

a.     Back pay;

b.     Future lost wages;

c.     Compensatory damages for emotional distress;

d.     Punitive damages;

e.     and such other relief to which the Plaintiff may be justly entitled.

Dated this 3rd day of January, 2025.

**FLORIN | GRAY**

*/s/ Troy E. Longman, II*
**Troy E. Longman, II, Esq.**
Florida Bar No. 1031921
tlongman@floringray.com
**Wolfgang M. Florin, Esq.**
Florida Bar No. 907804
wflorin@floringray.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 220-4000

Case 8:25-cv-00017-SDM-SPF    Document 1    Filed 01/03/25    Page 13 of 13 PageID 13

Facsimile (727) 483-7942

*Trial Attorneys for Plaintiff*